McAleer, Appellant, *v.* Masciantonio.

Argued January 13, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

reargument refused June 1, 1961.

*William A. Goichman*, with him *Rosenzweig, Krimsky & Goichman*, for appellant.

*Ralph B. D'Iorio*, with him *Hodge, Hodge & Cramp*, for appellees.

OPINION BY MR. JUSTICE BELL, May 2, 1961:

Plaintiff sued Masciantonio, the driver, and Joseph Mascaro and Leon J. Mascaro, his employers, for personal injuries and property damage resulting from a collision between plaintiff's automobile and defendant's dump truck. *All* the defendants admitted liability and the only real question involved at the trial was the question of damages. The jury returned a verdict in favor of plaintiff in the sum of $10,000 against Joseph Mascaro and Leon J. Mascaro, but made no mention

of defendant Masciantonio, the driver. Defendants filed a motion for a new trial and for judgment n.o.v. The lower Court dismissed defendants' motion for judgment n.o.v. However, the Court, speaking through the trial Judge, stated that "the verdict was so excessive that it shocked the Court's conscience" and granted defendants' motion for a new trial unless plaintiff within 20 days filed a remittitur of record in the amount of $5,000. Plaintiff refused to file the remittitur and instead appealed to this Court from the Order granting a new trial.

The trial Judge's charge that the jury could find a verdict *exculpating* the driver of defendant's truck but holding the owners of the truck liable for the driver's negligence, constituted basic fundamental and prejudicial error: *Matkevich v. Robertson,* 403 Pa. 200, 169 A. 2d 91. The jury's verdict which, in effect, did just that, was capricious and against the evidence and the law, and not only justified but necessitated a new trial.

Order affirmed.